By the Court.
 

 In this statutory appeal from a decision of the state Board of Tax Appeals, the appellant taxpayer complains its public utility property in certain rural counties of Ohio was not assessed for taxation at its true value in money for the year 1939 in
 
 *81
 
 accordance with law, and asks this court to reverse or modify such decision.
 

 Undisputed facts are that appellant is an Ohio corporation, not for profit, organized for the purpose of delivering electrical energy to persons residing in rural sections to whom this product would not otherwise be available. The corporation is owned and controlled by the recipients of the electric service, each of whom holds a membership certificate.
 

 Appellant’s property in issue consists exclusively of poles, wire, meters, transformers and other like equipment used for transmitting and distributing electricity. By January 1, 1938, it had constructed and had in operation 96 miles of transmission lines, costing about $102,000. During 1938 it constructed and placed in use 433.8 additional miles, at a cost of approximately $312,000.
 

 The entire expense of the project was met by loans obtained from the Rural Electrification Administration, an agency of the federal government. As of December 31, 1938, appellant was indebted in the principal sum of nearly $412,000.
 

 Appellant protests the tax value of its above-described property for the year 1939 as determined under authority of Section 5424, General Code, which provides that the state Tax Commissioner ‘ ‘ shall be guided by the value of the property as determined by the information contained in the sworn statements made by the public utility [Sections 5421 and 5422, General Code] * * * and such other evidence and rules” as will enable him to arrive at the “true value in money of the entire property of such public utility within this state.”
 

 It is conceded thal the method pursued in the instant case was the same followed for a number of years by the state taxing authorities in establishing the value of new utility property for the purposes of taxation. This method consists of ascertaining the cost of
 
 *82
 
 acquiring the property and then fixing the valuation for the first year at 80 per cent of such amount. Each year thereafter a five per cent rate of depreciation is deducted.
 

 Applying such formula to appellant’s property, the following computation ensues: Cost of constructing and equipping first 96 miles of transmission lines in 1937, $102,000; depreciated value of such property as of January 1,1938, 80 per cent of $102,000, $81,600; additional depreciation of the above property as of January 1, 1939, five per cent of $102,000, $5,100; entire depreciated valuation of the above property as of January 1, 1939, $76,500. Cost of constructing and equipping the additional 433.8 miles of transmission lines in 1938, $312,000; depreciated value of said property as of January 1, 1939, 80 per cent of $312,000, $249,600. Adding the $7'6,500 and the $249,600, the tptal stands at $326,100, which represents the value fixed by the Board of Tax Appeals, as against the original cost of about $414,000.
 

 Appellant complains that the method adopted is arbitrary and unjust and does not represent .the true value of the property assessed. It is insisted that tbe only fair and equitable procedure is to consider all factors in the particular case, such as the actual condition of the property, revenues, present and prospective, the character of the territory served and the number of those using the electricity.
 

 The testimony offered by appellant before the Board of Tax Appeals was to the effect that its transmission lines were cheaply constructed and that there was a considerable loss of electrical energy or power over the distribution system. Upon the basis of the factors enumerated in the preceding paragraph, three of appellant’s witnesses, offered as experts, stated that the value of the property in issue was considerably less than its original cost. One of the witnesses placed
 
 *83
 
 such, value at $132,742, another at $155,000 and the third at $175,000.
 

 In the board’s entry fixing the value of the property for taxation, the following language appears:
 

 “The Board of Tax Appeals finds upon the facts of this ease that as of January 1, 1939, the appellant was practically a new company and had not been in operation for such reasonable period of time as would enable the Board of Tax Appeals to consider and apply the capitalization-of-net-ineome-or-net-earning method of determining the valuation of the property of appellant as of said date; and that further there is nothing in the facts in this case which enables this board to use and apply the stock-and-bond method of property valuation sometimes applied in the valuation of public utility property. The Board of Tax Appeals upon further consideration finds that inasmuch as appellant’s transmission lines, plant, and equipment on January 1,1939, was practically new construction the reproduction cost of appellant’s transmission lines, plant, and equipment as of said date would not be substantially or even materially different from the actual cost of constructing and equipping said transmission lines and plant up to said date of January 1, 1939.”
 

 The intimation is present in the above entry that the process of valuing appellant’s particular property in the future, when it is older with a more extensive history, may be changed.
 

 Considering all the facts before the- Board of Tax Appeals as disclosed by the record, recognizing the discretion it possesses in arriving at a valuation, and giving the decision the presumption of validity to which it is entitled, we do not feel justified in holding such decision unreasonable or unlawful, and it is therefore affirmed.
 

 Decision affirmed.
 

 Weygandt, C.- J., Turner, Williams, Matthias, Hart, Zimmerman and Bettman, JJ., concur.